Thomas E. Frankovich, SBN 74414
**THOMAS E. FRANKOVICH,**
A Professional Law Corporation
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone: (415) 674-8600
Facsimile: (415) 674-9900
Email: tfrankovich@disabilitieslaw.com

Attorney for Plaintiff BYRON CHAPMAN

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
Hovannes G. Nalbandyan, SBN 300364
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone:   (916) 929-1481
Facsimile:    (916) 927-3706
Attorneys for Defendant, CITY OF LINCOLN

# DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN,<br><br>Defendant. | CASE NO. **2:15-cv-02326-MCE-EFB**<br>Related Case: **2:15-cv-00270-MCE-EFB**<br><br>**Joint Status Report** |

Plaintiff BYRON CHAPMAN, and Defendant CITY OF LINCOLN, by and through their respective attorneys of record, hereby submit pursuant to Fed. R. Civ. P. 26(f) and the Court's Order, this Joint Status Report.

**A.    BRIEF SUMMARY OF CLAIMS:**

**Plaintiff's Contentions:**

Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff BYRON CHAPMAN has a spinal cord injury, which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity). Plaintiff BYRON CHAPMAN requires the use of a wheelchair to travel about in public.

This is an action brought by plaintiff BYRON CHAPMAN for discrimination based upon defendants' failure to comply with Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, et seq., the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, and the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, all of which relate to denial of access to a place of public accommodation.

Plaintiff BYRON CHAPMAN is a person with physical disabilities who, on or about August 12, 2014, August 26, 2014, September 9, 2014, October 14, 2014, October 28, 2014, November 18, 2014, December 9, 2014, January 13, 2015; January 27, 2015, February 10, 2015 was denied the full opportunity to participate in the services, programs and benefits offered by the City of Lincoln due to the failure to remove architectural barriers and or seek alternative accessible sites or locations. In addition, the City of Lincoln discriminated against Byron Chapman for failure to have/and/or institute a transition plan and/or methodically remove architectural barriers pursuant to segments of a "would be" transition plan".

**Defendant's Contentions:**

Defendant contends that plaintiff had program access at the Pavilion and City Council meetings. City Council meetings are accessible to mobility-impaired persons when such a program is viewed in its entirety. Similarly, the Pavilion as a whole is accessible to mobility-impaired residents of Lincoln. On May 24, 2011, a comprehensive self-evaluation and transition plan was completed by Sally Swanson Architects, Inc. Defendant denies it failed to institute a transition plan and/or remove architectural barriers pursuant to it. Among other locations, Defendant completed ADA improvements to parking, path of travel, entry door, speaker podium, and men's restroom. Parking lot improvements were approved by Michael D. Brinkman, DSA Certified Access Specialist – CASp #071 of CSG Consultants, Inc.

Defendant completed an extensive renovation of restrooms at the Pavilion on or about October 2015. Parties do not dispute the men's restroom accessibility. Defendant contends it redressed all the "accessibility barriers" raised in Plaintiff's complaint.

Defendant denies it is a public accommodation. Defendant contends the claim for injunctive relief is moot. Defendant denies plaintiff was damaged.

**B.   POSSIBLE JOINDER OF PARTIES:**

None anticipated at this time.

**C.   ANTICIPATED AMENDMENT OF PLEADINGS:**

**Plaintiff's Contentions:**

Plaintiff may amend his complaint once there is ruling on the related case *Chapman v. City of Lincoln*; 2:15-cv-00270-MCE-EFB. Plaintiff has a Motion to Amend that Complaint and defendant and has a Motion for Summary Judgment.

**Defendant's Contentions:**

Defendant may amend its pleading once there is a ruling on its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgement in the related case, *Chapman v. City of Lincoln,* 2:15-cv-00270-MCE-EFB. Else, Defendant does not anticipate amending its pleadings unless it is necessary to reflect additional ADA improvements since the date of its answer.

**D.   JURISDICTION AND VENUE:**

**1.   Jurisdiction**:

This Court currently has jurisdiction of this action pursuant to 28 U.S.C. §1331 due to the alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tired with the ADA, including but not limited to violations of California Civil Code §51, *eta seq.* and §54, *et seq.*, and California Building Standards Code.

2. **Venue:**

Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 65 McBean Park Boulevard, Lincoln, California 95648, and that plaintiff's causes of action arose in this district.

E. **ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

**Plaintiff's Contentions:**

Plaintiff anticipates a motion for summary judgment upon completion of necessary discovery if settlement efforts are unsuccessful.

**Defendant's Contentions:**

Defendant anticipates a motion for summary judgment.

F. **DISCOVERY PLAN**

Plaintiff requests that the Court order the following discovery plan:

a. **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1): Plaintiff's proposal:**

The parties will exchange initial disclosures of evidence pursuant to Fed. R. Civ. P. 26(a)(1) no later than **March 31, 2016.**

b. **Number of Interrogatories:**

Plaintiff requests that the permissible number of interrogatories be increased to fifty (50) per party. This is necessary, as each architectural barrier must be specifically addressed. Plaintiff will also utilize Requests for Admissions, Requests for Production and Depositions

c. **Subject of Discovery, But Are Not Limited To:**

Decisions by the City to have a transition pan; timing for the plan; responsibility for the plan; methods employed and by whom to identify barriers; individual City Council members participation in the plan in conjunction with the City manager and building officials; cost analysis and method of analysis to determine cost of each barrier identified.

{Joint Status Report (01522729x9DF46).DOCX}                4

d.  **Deadlines for completion of discovery:**

    a.    all discovery including experts:    February 28, 2017

    b.    simultaneous disclosure of experts:    March 28, 2017

e.  **Any issues or proposals relating to the timing:**

At this time, plaintiff does not feel that any changes in the timing, form, or requirement for disclosures under Rule 26(a) should be made.

f.  **Limitations of discovery:**

Plaintiff does not believe that any changes should be made in the limitation of discovery, aside from those imposed by FRCP and Local Rule with the exception of plaintiff's request for 50 interrogatories.

**Defendant's Contentions:**

As to the dates and number of interrogatories requested, Defendant agrees with the above discovery plan. Defendant disagrees with Plaintiff's scope of discovery. There is no private right of action to enforce federal regulations requiring public entities to develop transition plans under 28 C.F.R. § 35.150(d). (*Longberg*, 571 F.3d at 852). Decisions, timing, and methods employed by Defendant for the transition plan provide no indication of harm to Plaintiff or other disabled residents, let alone in a manner that Title II aims to prevent or redress.

G.  **SCHEDULING OF FUTURE PROCEEDINGS:**
    **Plaintiff's Schedule:**

-  Trial Date:    July 25, 2017

-  Final Pretrial Conference:    May 30, 2017

-  Last Day to Hear Discovery Motions:    March 30, 2017

-  Last Day to Hear Dispositive Motions:    April 3, 2017.

**Defendant's Contentions:**

Defendant agrees with the above scheduling.

H.  **SPECIAL PROCEDURES:**

None at this time.

I. **Estimate of trial time:**

**Plaintiff's proposal:**

1. Type: Jury
2. Time: 4 days

**Defendant's Contentions:**

Defendant agrees with the above scheduling.

J. **MODIFICATION OF STANDARD PRETRIAL PROCEDURES:**

Plaintiff is of the position that such a modification is not necessary at this time.

**Defendant's Contentions:**

Defendant agrees to Plaintiff's modification as to the interrogatories and scheduling. Defendant agrees other modifications are not necessary.

K. **RELATED CASES:**

*Chapman v. City of Lincoln*; 2:15-cv-00270-MCE-EFB.

L. **SETTLEMENT CONFERENCE/PROSPECTS:**

**Plaintiff's Contentions:**

Plaintiff requests referral to a Magistrate Judge for settlement conference purposes after significant discovery has been completed in this case and concluded in the related case. A central issue to this and other anticipated litigation is the failure of the City to systematically remove physical architectural barriers and program, practice and procedural barriers.

**Defendant's Contentions:**

On April 17, 2015, in the related case, *Chapman v. City of Lincoln*; 2:15-cv-00270-MCE-EFB, Defendant served an offer to compromise pursuant to F.R.C.P. §68 in the amount of $8,000.00 plus reasonable attorney fees to date. Defendant anticipates that, should the matter proceed to trial, plaintiff will fail to do better than the offer in which case plaintiff will be ineligible for costs and attorney fees after expiration of the offer while defendant will be entitled to its expert fees. Defendant has not served an offer to compromise for the present case.

M.   **OTHER MATTERS:**

Plaintiff Byron Chapman is an active participant in the services, activities and programs offered by the City of Lincoln. He participates in most City Council Meetings and activities within and at various public buildings and venues of the City of Lincoln. As new barriers both physical or procedural are encountered which are post complaint, he may move to amend or file a new complaint.

Further, plaintiff's counsel has been retained by other aggrieved disabled citizens of the City of Lincoln and is investigating those claims. Therefore, it should come as no surprise that the City of Lincoln's failure to comply with the Americans with Disabilities Act of 1990 has spawned a universe of ADA violations twenty-five years of violations. District as it appears that the Eastern District "Bench Mark" for the highest fee is $300/hour with absolutely no foundation. The District Court's position on fees can become a central issue to settlement. The Court's "position" is of great concern and has created substantial controversy amongst plaintiff attorneys engaged in all aspects of Civil Rights Litigation, not, just ADA Discrimination Cases.

Plaintiff's counsel will be contacting the chief judge to discuss and act upon the issue. Counsel should be paid based upon prevailing hourly rates in the district. It is time to take a "foundational approach" in this district to establish a fee barometer.

Respectfully Submitted,

Dated: March 8, 2016

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: /s/ Thomas E. Frankovich
Thomas E. Frankovich
Attorney for Plaintiff BYRON CHAPMAN

Dated: March 8, 2016

**PORTER | SCOTT**

By: /s/ Hovannes G. Nalbandyan
Stephen E. Horan
Hovannes G. Nalbandyan
Attorney for Defendant, CITY OF LINCOLN